IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

**ROBERT MOORE,**    )
                    )
        **Plaintiff,**    )
                    )
vs.                 )    Case No. 05-4303-CV-C-GAF-SSA
                    )
**JO ANNE B. BARNHART,**    )
**Commissioner of Social Security,**    )
                    )
        **Defendant.**    )

## ORDER

Plaintiff filed two applications under the Social Security Act (the Act). The first is an application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq*. The second is an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*.

Plaintiff's applications were denied initially. On April 21, 2004, following a hearing, an administrative law judge (ALJ) rendered a decision in which he found that plaintiff was not under a "disability" as defined in the Act. On July 28, 2005, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Johnson v. Chater*, 108 F.3d 178, 179 (8th Cir. 1997). "As long as substantial evidence in the record supports the Commissioner's decision, [the court] may not reverse it either

because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently." *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision.' . . . We also evaluate whatever evidence contradicts the Commissioner's decision, rather than simply searching the record for supporting evidence.'" *Rankin v. Apfel*, 195 F.3d 427, 428 (8th Cir. 1999) (quoting *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998)).

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing, and the medical and documentary evidence. Despite this review, the Court cannot find substantial evidence in the record to support the Commissioner's decision. Specifically, the Court finds that the ALJ failed to properly consider or discuss plaintiff's history of pain medication, which is seemingly contrary to the ALJ's finding that plaintiff does not have a history of strong pain medication, failed to properly consider or discuss the vocational assessment of Gary Weimholt, M.S., particularly in light of the fact that the ALJ found that the fact that plaintiff did not go to Vocational Rehabilitation detracts from his credibility, and failed to properly consider or discuss the fact that plaintiff remained under the treatment of Dr. Waters even though the ALJ found that plaintiff had not received regular treatment for his back condition post-surgery.

Wherefore, for the reasons stated herein, the decision of the Commissioner is reversed pursuant to sentence four of 42 U.S.C. § 405(g), and this matter is remanded to the Commissioner for further proceedings consistent with this Order.

2

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: April 5, 2006